IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALTER PAYTON.,

          **Petitioner,**

   v.                   **CASE NO. 23-3237-JWL**

STATE OF KANSAS,

          **Respondent.**

## MEMORANDUM AND ORDER

   This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and state prisoner Walter Payton. Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

   This is Petitioner's fourth petition for federal habeas relief from his 1998 state-court convictions of rape. *See Payton v. Kansas*, 592 Fed. Appx. 745, 746 (10th Cir. Feb. 2, 2015) (unpublished). "The district court dismissed his first 28 U.S.C. § 2254 habeas application as time-barred and his second and third § 2254 applications as successive." *Id.* This Court and the Tenth Circuit repeatedly have informed Petitioner that in order to proceed on a successive petition for habeas corpus relief from his 1998 state convictions, he must first obtain authorization from the Tenth Circuit. *See id.*; *Payton v. Werholtz*, 523 Fed. Appx. 506, 507 (10th Cir. July 25, 2013) (unpublished) (explaining that this Court lacked jurisdiction to act on "unauthorized second or successive application"); *Payton v. Kansas*, 2014 WL 11398023, *1 (D. Kan. May 14, 2014) (unpublished) ("[T]o the extent that this matter may be construed as a successive petition for habeas corpus, petitioner may not proceed until he obtains authorization from the U.S. Court of Appeals for the Tenth Circuit."); *Payton v. Werholtz, et al.*, 2013 WL 12134033, *1 (D. Kan. April

1

29, 2013) (unpublished) ("A petitioner may not present a successive petition under § 2254 unless he obtains authorization from the circuit court allowing the district court to review the claims."); *Payton v. McKune*, Case No. 9-cv-3205-SAC, Doc. 4, p. 2 (D. Kan. Oct. 20, 2009) (unpublished) ("[A] petitioner must obtain authorization from the circuit court of appeals before [a successive] petition may be filed in the district court.").

This requirement remains in effect. Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Yet Petitioner has not obtained the necessary authorization. Thus, this Court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the interest of justice requires transfer to the Tenth Circuit for possible authorization to proceed on a successive habeas petition, this Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See id*.

First, because Petitioner's first federal habeas proceeding was dismissed as time-barred, it is likely that any claims in the present petition would also be time-barred. Second, even liberally construing the petition, as is appropriate since Petitioner is proceeding pro se, Petitioner's claims are unlikely to have merit. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (holding that courts must liberally construe pro se pleadings and hold them to "'less stringent standards than formal pleadings drafted by lawyers'"). Third, the Court cannot conclude that the petition was filed in good faith, since Petitioner did not obtain the authorization he is aware is necessary for this action to proceed. Thus, the Court concludes that it would not serve the interest of justice to transfer this matter to the Tenth Circuit for possible authorization of this successive § 2254 petition. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition, as he has done before. *See Payton*, 523 Fed. Appx. at 507.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254, which the Court lacks jurisdiction to consider. Therefore, Petitioner is no longer required to comply with the Notice of Deficiency. (Doc. 2.) No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 30th day of October, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge

3