### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

WALTER PAYTON,

                                   Petitioner,

        v.                                                      CASE NO. 23-3237-JWL

STATE OF KANSAS,

                                   Respondent.

### <u>MEMORANDUM AND ORDER</u>

This federal habeas matter is Petitioner's fourth attempt under 28 U.S.C. § 2254 to obtain federal habeas relief from his 1998 state-court rape convictions. (Doc. 1, p. 1); *Payton v. Kansas*, 592 Fed. Appx. 745, 746 (10th Cir. Feb. 2, 2015) (unpublished). As Petitioner is aware, in order to proceed on a successive petition for habeas corpus relief from his 1998 state convictions, he must first obtain authorization from the Tenth Circuit. (*See* Doc. 3, p. 1-2.) Because he filed the petition that began this case without obtaining the necessary authorization, this Court lacks jurisdiction over it and must dismiss it or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The Court concluded that the interest of justice did not require transfer; thus, on October 30, 2023, this Court dismissed the matter for lack of jurisdiction. (Doc. 3.) The Court further concluded that jurists of reason would not debate the procedural ruling that this is an unauthorized successive habeas petition over which the Court lacks jurisdiction, so it declined to issue a certificate of appealability. *Id.* at 3.

The matter comes now before the Court on Petitioner's motion to reopen case, filed on November 1, 2023 (Doc. 6), which the Court will liberally construe as a motion to reconsider the

dismissal and the decision not to issue a certificate of appealability. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (holding that federal courts should liberally construe pro se pleadings). "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3. This mirrors the standard by which a court evaluates a motion to amend judgment under Federal Rule of Civil Procedure 59(e). *See Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Under Federal Rule of Civil Procedure 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. *See id.* at 1009. Specifically, Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

In the motion now before this Court, Petitioner first argues that his petition is not successive because the claim he makes therein "has never been raised." (Doc. 6, p. 1.) This reasoning has been soundly rejected by the Tenth Circuit. *See Lancaster v. Bigelow*, 435 Fed. Appx. 773, 775 (10th Cir. July 28, 2011) (unpublished) (characterizing as "mistaken" the argument that "because he is raising new claims, he is not required to obtain circuit-court authorization to file his [third] §

2254 petition"). When determining whether a § 2254 petition is "second or successive," the Court focuses on the state-court judgment under which the petitioner is being held in custody, not the basis for his or her argument that the judgment is unconstitutional.

The United States explained this concept in *Burton v. Stewart*, 549 U.S. 147, 153 (2007), in the context of two § 2254 petitions attacking the same judgment. It reasoned:

> When Burton filed his first petition, the 1998 petition, he was being held in custody pursuant to the 1998 judgment, which had been entered some nine months earlier. When he filed his second petition, the 2002 petition, he was still being held in custody pursuant to the same 1998 judgment. In short, Burton twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Id.*

Similarly, when Petitioner filed his previous § 2254 petitions, he was held in custody pursuant to the 1998 judgment entered on his state-court rape convictions and sentences. When he filed the current petition in October 2023, he was still in custody pursuant to the same judgment. All of Petitioner's § 2254 petitions have challenged the constitutionality of the same 1998 judgment, on which Petitioner remains in custody.

Thus, the most recent petition was successive and Petitioner was required to obtain authorization from the Tenth Circuit before filing it in this Court. He did not do so, which left this Court without jurisdiction over the matter. The fact that the most recent successive petition may contain a claim not raised in previous federal habeas actions "does not change the fact that he needs authorization to bring it." *See McGill v. Rankin*, 2023 WL 3716817, *2 (10th Cir. May 30, 2023) (unpublished). In fact, as the Tenth Circuit has recognized, "AEDPA specifically contemplates a situation where a prisoner discovers a new claim after he files his first habeas application and still requires circuit-court authorization for the second or successive habeas

application to proceed." *Id.* (citing 28 U.S.C. § 2244(b)(2) and § 2244(b)(3)(A)). The argument that this matter is not successive because it raises a claim not previously made therefore fails.

Petitioner also asserts in his motion to reopen this matter that the Kansas Supreme Court has failed to issue a ruling on the claim presented in this habeas action, that he has exhausted all state-court remedies, that he has made a colorable claim of actual innocence, and that the arguments made in support of federal habeas relief are meritorious. (Doc. 6, p. 1.) But even if all of these assertions are true, it does not alter the fact that this Court nevertheless lacks jurisdiction over an unauthorized second or successive § 2254 petition. As noted in the order of dismissal, Petitioner may independently seek authorization from the Tenth Circuit to file a successive § 2254 petition in this Court.

For the reasons explained above and in the prior order, this is an unauthorized successive § 2254 petition. Thus, whether considered under Local Rule 7.3, Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b), the motion to reopen fails to convince the Court that it erred in dismissing this matter for lack of jurisdiction. The Court also remains convinced that reasonable jurists would not debate the Court's conclusion that this is an unauthorized successive § 2254 petition; thus the Court maintains its previous decision declining to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this motion to reopen (Doc. 6) is **denied**. This matter shall remain closed.

**IT IS SO ORDERED.**

DATED:   This 2nd day of November, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge